J-S21032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN LEBRON, | |
| Appellant | No. 2850 EDA 2014 |

Appeal from the PCRA Order September 12, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: MC-51-CR-0444561-2001

BEFORE: BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MAY 05, 2015**

Appellant, John Lebron,[1] appeals *pro se* from the order of September 12, 2014, dismissing, without a hearing, his second petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Because the petition is untimely, we affirm.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Throughout the certified record, Appellant's last name appears as both "Lebron" and "Lebrom."

[2] "[W]e are not limited by the trial court's rationale and [ ] we may affirm on any basis." **Blumenstock v. Gibson**, 811 A.2d 1029, 1033 (Pa.Super. 2002), *appeal denied*, 828 A.2d 349 (Pa. 2003).

We take the underlying facts and procedural history in this matter from the PCRA court's opinion of September 12, 2014 and our own independent review of the record.[3]

On November 11, 2001, Appellant entered a guilty plea to charges of unlawful taking, theft by receiving stolen property, corrupting the morals of a minor, theft from a motor vehicle, criminal mischief, and criminal conspiracy in case MC-51-CR-0444561-2001. On February 20, 2002, the trial court sentenced Appellant to a term of twenty-four months of probation. Appellant did not file a direct appeal.

During the next two years, the police arrested Appellant three times for similar crimes. A jury convicted Appellant on certain charges and Appellant pleaded guilty to additional charges arising from two separate incidents in consolidated cases CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002. On February 6, 2003, the trial court sentenced Appellant on the consolidated charges to a term of incarceration of not less than eight nor more than seventeen years. This Court affirmed the judgment of sentence

---

[3] In his PCRA petition, Appellant included three cases, MC-51-CR-0444561-2001, CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002. (*See* PCRA petition, 10/11/13, at 1). However, in his notice of appeal, Appellant only noted case MC-51-CR-0444561-2001. (*See* Notice of Appeal, 9/29/14, at unnumbered page one). Therefore, the PCRA court did not forward the certified record from consolidated cases CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002. We note that both Appellant and the Commonwealth discuss all three cases in their respective briefs. (*See* Appellant's Brief, at vii, 2-7; Commonwealth's Brief, at 2-6, 8-11). Therefore, we will reference all three cases in our decision.

on April 7, 2006. (**See Commonwealth v. Lebron**, No. 3123 EDA 2004, unpublished memorandum at 1-18 (Pa. Super. filed April 7, 2006)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On February 17, 2004, the trial court in case MC-51-CR-0444561-2001 revoked Appellant's probation and sentenced him to an aggregate term of incarceration of not less than six nor more than twelve years to be served consecutively to the sentence in cases CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002. This Court affirmed the judgment of sentence on January 20, 2006. (**See Commonwealth v. Lebron**, No. 987 EDA 2004, unpublished memorandum at 1-6 (Pa. Super. filed, January 20, 2006)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On August 31, 2006, Appellant filed a timely *pro se* first PCRA petition in case MC-51-CR-0444561-2001. Following appointment of counsel, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant responded on June 1, 2007. For reasons not apparent from the record, the PCRA court did not issue an order dismissing the petition, until May 7, 2012. On March 20, 2013, this Court affirmed the dismissal of the PCRA petition. (**See Commonwealth v. Lebrom**, No. 1344 EDA 2012, unpublished memorandum at 1-9 (Pa. Super. filed March 20, 2013)). On October 3, 2013, the Pennsylvania Supreme Court denied leave to appeal. (**See Commonwealth v. Lebron**, 76 A.3d 539 (Pa. 2013)).

On April 10, 2007, with the assistance of counsel, Appellant filed a timely first PCRA petition in cases CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002. The PCRA court denied the petition on August 12, 2008. On July 13, 2010, this Court affirmed the denial of the PCRA petition. (*See* *Commonwealth v. Lebron*, No. 2562 EDA 2008, unpublished memorandum at 1-8 (Pa. Super. filed, July 13, 2010)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

Appellant subsequently filed a petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. During the pendency of the *habeas corpus* proceedings, Appellant wrote a series of letters to the Commonwealth and the federal courts, complaining about a sentencing error in cases CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002. (*See* Exhibit to Appellant's PCRA Petition, Letter from John W. Goldsborough, Esq. to Natasha Lowe, Esquire, Supervisor, Post-Trial Unit, Philadelphia Court of Common Pleas, 1/16/13, at 1). In the January 16, 2013 letter, the Commonwealth admitted that, because of two clerical errors on a Court Commitment form, the form had accidentally added one-and-one-half to three years to Appellant's actual sentence. (*See id.* at 2). Assistant District Attorney Goldsborough requested that Attorney Lowe correct the errors. (*See id.* at 1). By order of February 21, 2014, the trial court corrected the errors to reflect the sentence originally imposed in cases

CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002. (**See** Commonwealth's Brief, Appendix, Order, 2/21/14, at 1).

On October 11, 2013, Appellant filed the instant PCRA petition, *pro se*.[4] The PCRA court appointed counsel[5] who filed a **Turner**/**Finley**[6] "no merit" letter and petitioned the court for permission to withdraw from further representation. On August 4, 2014, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907.[7] **See** Pa.R.Crim.P. 907(1). On September 12, 2014, the PCRA court dismissed the petition.[8]

_____

[4] Both Appellant and the Commonwealth reference a *pro se* amendment to the PCRA petition, which Appellant allegedly filed in May or June of 2014. (**See** Appellant's Brief, at 2; Commonwealths' Brief, at 5, respectively). That amendment is not listed on the docket and is not contained in the certified record.

[5] The order appointing counsel is neither listed on the docket nor contained in the certified record.

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[7] In its opinion dismissing Appellant's PCRA petition, the PCRA court references a response filed by Appellant to the Rule 907 notice. (**See** PCRA Court Opinion, 9/12/14, at 4). Again, however, that response is not listed on the docket and not contained in the certified record.

[8] In its opinion, the court acknowledges that counsel's motion to withdraw and no-merit letter are "consistent with the requirements of" **Turner**/**Finley**. (PCRA Ct. Op., 9/12/14, at 3). The PCRA court then concludes that Appellant's petition lacks merit. (**See id.** at 4-7). However, it appears that the PCRA court inadvertently failed to include an order granting counsel's request to withdraw. (**See id.** at 7). Because this is a
*(Footnote Continued Next Page)*

Appellant subsequently filed a timely *pro se* notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal and did not issue any additional opinion. *See* Pa.R.A.P. 1925.

Appellant raises one question on appeal:

(A.) Whether there was abuse of discretion for the [PCRA court] to reconsider or modify the [A]ppellant['s] sentence under [n]ewly [d]iscovered [e]vidence [d]ealing with [m]andatory sentences [r]uled illegal or unconstitutional and also the [PCRA court] undermined the fundamental norms of the sentencing process?

(Appellant's Brief, at vi).

Appellant appeals from the denial of his PCRA petition. To be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42

*(Footnote Continued)* ————————

second PCRA petition and because the PCRA court dismissed it without a hearing, Appellant has no right to counsel. *See* Pa.R.Crim.P. 904(D). In the interest of judicial economy we will regard as done what ought to have been done and deem the trial court's opinion dismissing Appellant's PCRA petition as also granting PCRA counsel's request to withdraw. *See Zitney v. Appalachian Timber Products, Inc.*, 72 A.3d 281, 285 (Pa. Super. 2013).

Pa.C.S.A. § 9544(b). Our standard of review for an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011), *appeal denied*, 72 A.3d 600 (Pa. 2013) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on October 11, 2013. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, in case MC-51-CR-0444561-2001, following the violation of probation hearing, this Court affirmed the judgment of sentence on January 20, 2006. Therefore, Appellant's judgment of sentence became final on

February 20, 2006,[9] after the thirty-day period to seek leave to appeal to the Pennsylvania Supreme Court expired. ***See*** Pa.R.A.P. 1113(a).

In cases CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002, this Court affirmed the judgment of sentence on April 7, 2006. Therefore, Appellant's judgment of sentence became final on May 8, 2006,[10] after the thirty-day period to seek leave to appeal to the Pennsylvania Supreme Court expired.[11] ***See*** Pa.R.A.P. 1113(a).

Because Appellant did not file his petition until October 11, 2013, the petition is facially untimely. Thus, to obtain PCRA relief, he must plead and prove that his claim falls under one of the statutory exceptions to the one-year time bar provided at section 9545(b). ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully pleads and proves that:

_____

[9] The thirtieth day, February 19, 2006, was a Sunday.

[10] The thirtieth day, May 7, 2006, was a Sunday.

[11] We briefly note that the PCRA is not the proper vehicle for challenging an error in the computation of a sentence. ***See Commonwealth v. Heredia***, 97 A.3d 392, 394-95 (Pa. Super. 2014), *appeal denied*, 104 A.3d 524 (Pa. 2014). Further, in Pennsylvania the sentencing order signed by the trial court and entered into the docket overrides the commitment form and is therefore, determinative of the sentence imposed. ***See id.*** at 395 n.5. Thus, the order correcting the error was not a resentencing and did not reset the clock for purposes of the PCRA. ***See id.*** at 395 n.6.

　　　　(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

　　　　(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

　　　　(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant contends that he qualifies under the newly discovered facts exception. (*See* Appellant's Brief, at 2-4). However, Appellant fails to explain or point to any newly discovered facts. (*See id.*). To the extent that Appellant appears to be claiming that several decisions by both this Court and the United States Supreme Court constitute newly discovered facts, (*see id.* at 4-5), it is well-settled that a new judicial opinion does not constitute a newly discovered fact for purposes of 42 Pa.C.S.A. §

9545(b)(1)(ii). *See Commonwealth v. Watt*, 23 A.3d 980, 987 (Pa. 2011). Thus, his claim is meritless.

Further, Appellant appears to contend that his petition should be considered timely because he challenges the legality of his sentence and such a challenge can never be waived. (*See* Appellant's Brief, at 3-7). It is not clear if Appellant is referring to the clerical error in cases CP-51-CR-1105911-2001 and CP-51-CR-1110311-2002, an issue that is moot because the trial court corrected the error. (*See* Commonwealth's Brief, Appendix, Order, 2/21/14, at 1). Appellant also appears to believe mistakenly that his sentence is illegal because mandatory minimum sentences are illegal. (*See* Appellant's Brief, at 4). However, as the Commonwealth correctly notes, the trial court did not sentence Appellant to a mandatory minimum sentence. (*See* Commonwealth's Brief, at 9 n.5).

In any event, in *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected Appellant's contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Fahy*, *supra* at 223 (citation omitted). Thus, Appellant cannot evade the PCRA timeliness requirements based on a claim on an illegal sentence. *See id.*

Appellant also argues that we should address the merits of his claims because his sentence is harsh and excessive. (*See* Appellant's Brief, at 4-

7).  However, "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings."  ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007) (citation omitted).

Appellant also appears to argue that he received ineffective assistance of counsel in both this PCRA proceeding and in earlier proceedings.  (***See*** Appellant's Brief, at 2-7).  Appellant does not present an exception to the time-bar by claiming ineffective assistance of counsel.  ***See Commonwealth v. Davis***, 816 A.2d 1129, 1135 (Pa. Super. 2003), *appeal denied*, 839 A.2d 351 (Pa. 2003)  ("[A]ttempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.") (citations omitted).  Moreover, an appellant cannot raise claims of PCRA counsel's ineffectiveness for the first time on appeal.[12]  ***See Commonwealth v. Ford***, 44 A.3d 1190, 1200-01 (Pa. Super. 2012).  Thus, Appellant's ineffective assistance of counsel claims do not serve as an exception to the time bar.  ***See Davis***, ***supra*** at 1135.

_____

[12] Appellant may have raised ineffective assistance of counsel claims in his alleged response to the Rule 907 notice.  (***See*** PCRA Ct. Op., 9/12/14, at 4). However, as noted above, that response was not docketed and is not contained in the certified record.  This Court has clearly stated that it is the Appellant's responsibility to ensure that the certified record contains all documents necessary to ensure that this Court is able to review his claims. ***See Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*); Pa.R.A.P. 1926; Pa.R.A.P. 1931.

Thus, because the record demonstrates that Appellant's PCRA petition is untimely with none of the statutory exceptions to the time bar proven, we affirm the order of the trial court dismissing Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2015