J-S58023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIRK DANIEL WHITE, | |
| Appellant | No. 449 MDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0008460-2012

BEFORE: GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 18, 2018**

Kirk Daniel White ("Appellant") appeals from the order denying his petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In addition, counsel for Appellant has filed a motion to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant counsel's motion to withdraw and affirm the PCRA court's order.

On April 18, 2013, Appellant pled *nolo contendere* to the second degree misdemeanor offense of indecent assault. Following Appellant's *nolo contendere* plea, the trial court sentenced him to a term of three to twenty-three months of imprisonment, on July 29, 2013. Appellant did not appeal from that sentence, and it became final on August 28, 2013.

Appellant filed a *pro se* motion for PCRA relief on October 13, 2016. Counsel entered his appearance and filed a counseled PCRA petition on October 17, 2016. The PCRA court held a hearing on February 10, 2017, and the PCRA court denied Appellant's PCRA petition as untimely.

Appellant filed a timely appeal from the denial of his PCRA petition on March 10, 2017, while he was still represented by counsel. On March 24, 2017, PCRA counsel filed a motion seeking to withdraw. The PCRA court granted the motion on March 27, 2017, and appointed new PCRA counsel on April 11, 2017.

On June 30, 2017, PCRA counsel filed a motion to withdraw and filed a **Turner/Finley** letter with this Court. When counsel seeks to withdraw from representation in a collateral appeal, the following conditions must be satisfied:

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se,* or with the assistance of privately retained counsel[,]

5) The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) The court must agree with counsel that the petition is meritless.

*Commonwealth v. Daniels*, 947 A.2d 795, 798–799 (Pa. Super. 2008) (internal punctuation marks omitted).

In the instant case, we find that PCRA counsel complied with the requirements for withdrawal from a collateral appeal. First, in the motion filed with this Court, PCRA counsel alleged that he conducted a thorough review of the record and pertinent law and concluded the issue was of no merit. In his no-merit letter to Appellant, PCRA counsel set forth the issue relevant to this appeal and explained why he believed the issue was of no merit. PCRA counsel also advised Appellant of his right to proceed *pro se* or with privately retained counsel. Thus, we will allow PCRA counsel to withdraw if, after our review, we conclude that the issue raised in Appellant's appeal lacks merit.

Appellant presents a single issue for review in his Concise Statement of Errors Complained of on Appeal:

Whether the trial court erred in denying the Petition for Post-Conviction Relief on the basis that Appellant's Exhibit Nos. 1 and 2, which purported to show evidence of the complainant A.Y.'s recantation of the criminal allegations against the Appellant in an August 22, 2016 Facebook Message conversation between the Appellant's fiancée Stevee Kopp and A.Y. constituted inadmissible hearsay not subject to a recognized exception?

Appellant's Concise Statement of Matters Complained of on Appeal, 5/5/17, at 1.

Our standard of review of a denial of PCRA relief is well-settled. "In conducting review of a PCRA matter, we consider the record in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (citations and internal punctuation omitted). Our review is limited to the findings of the PCRA court and the evidence of record. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). Further, "[w]e will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Id*. This Court may affirm the PCRA court on any basis. *Id*. "We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Id*. "Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014).

Before we address the merits of the issue before us, we must determine whether Appellant is eligible for relief under the PCRA. In order to be eligible for relief, Appellant must satisfy the following requirements:

> (a) General rule —To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of crime under the laws of this Commonwealth and is at the time relief is granted:

> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
> (ii) awaiting execution of a sentence of death for the crime; or
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii).

As our Supreme Court held in **Commonwealth v. Ahlborn**,

> [T]he denial of a relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is not currently serving such a sentence would be to ignore the language of the statute.

699 A.2d 718, 720 (Pa. 1997) (emphasis in original). **See also Commonwealth v. Plunkett**, 151 A.3d 1108, 1112 (Pa. Super. 2016) ("Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest"). "[T]he denial of relief to a petition who was no longer serving a sentence, even when the PCRA process was begun in a timely manner, was not constitutionally infirm." **Id**. at 1111. Indeed, our Supreme Court has held that when a petitioner's sentence expires while his PCRA petition is pending, the PCRA court loses jurisdiction to rule on the merits. **Commonwealth v. Turner**, 80 A.3d 754, 765-766 (Pa. 2013).

Our review of the record reflects that Appellant invoked the PCRA when he filed the instant petition. However, a review of the supplemental record and the PCRA court's supplemental 1925(a) statement indicates that Appellant completed his sentence on October 9, 2017. Specifically, the PCRA stated, "[Appellant] is **currently not serving** a sentence **in this case**, having Maxed Out on October 9, 2017." PCRA Court's Supplemental 1925(a) Statement, 12/19/17, at 1 (emphases in original).

Hence, the record reflects that, currently, Appellant is neither in custody nor subject to probation or parole for his conviction in this case. As such, Appellant is unable to satisfy the requirements of the PCRA. Accordingly, we have no authority to entertain a request for relief under the PCRA. Appellant is ineligible for PCRA relief, and Appellant's PCRA petition was properly denied.[1]

Petition to withdraw as counsel granted. Order affirmed.

---

[1] We note that an appellate court may affirm on a basis different than the PCRA court. **Commonwealth v. Davis**, 816 A.2d 1129, 1136 n.4 (Pa. Super 2003) (citing **Commonwealth v. Miller**, 787 A.2d 1036, 1038 (Pa. Super 2001).

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2018