J-S16043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| PAUL GREGORY SHIMP | : | |
| | : | |
| Appellant | : | No. 1313 MDA 2017 |
| | : | |

Appeal from the PCRA Order August 25, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No.:  CP-22-CR-0002040-2014

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED MAY 21, 2018**

Appellant, Paul Gregory Shimp, appeals, *pro se*, from the order of August 25, 2017,[1] dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

---

[1] On July 6, 2017, the PCRA court entered its Rule 907 notice of intent to dismiss and advised Appellant of his opportunity to respond within 20 days. On August 21, 2017, Appellant filed a *pro se* notice of appeal to this Court. The PCRA court entered its final order dismissing Appellant's *pro se* petition on August 25, 2017.  Although Appellant's notice of appeal was premature when filed, we will regard this appeal as timely.  ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); ***see also Commonwealth v. Swartzfager***, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting premature notice of appeal filed after entry of Rule 907 notice but before final order dismissing PCRA petition).

---

*   Retired Senior Judge assigned to the Superior Court.

We take the underlying facts and procedural history in this matter from the PCRA court's November 7, 2017 opinion and our independent review of the certified record.

On March 11, 2015, [Appellant] plead [sic] guilty to [t]heft by [u]nlawful [t]aking, and agreed to enter the Dauphin County Veteran's Court Program for a thirty-six (36) month intermediate punishment sentence. [Appellant] was represented by Kristen Weisenberger, Esquire.

[Appellant], through counsel, filed a [m]otion to [w]ithdraw [g]uilty [p]lea and [w]ithdraw as [c]ounsel on March 26, 2015. The [m]otion to [w]ithdraw [g]uilty [p]lea was denied by the Honorable Bruce F. Bratton, now retired. [Appellant did not file a direct appeal].

On May 17, 2016, [Appellant] incurred new charges at Docket Number CP-22-CR-3439-2016. As a result, the court conducted a revocation hearing in Veteran's Court on August 19, 2016. Former Judge Bratton revoked [Appellant's] intermediate punishment, and re-sentenced him to twenty-four (24) months of probation concurrent with his sentence on Docket Number CP-22-CR-3439-2016. [Appellant] did not file a direct appeal.

Appellant filed his first *pro se* PCRA petition on December 2, 2016. [The PCRA petition challenged only the original March 11, 2015 guilty plea, it did not challenge the revocation proceedings]. Jonathan W. Crisp, Esquire was appointed by [the PCRA c]ourt to represent [Appellant] on his PCRA. On January 23, 2017, [Appellant] filed a motion requesting to proceed *pro se* throughout the PCRA proceedings. [The PCRA c]ourt conducted a **Grazier**[2] hearing via video conference on April 7, 2017, wherein [Appellant] again stated his intention to proceed *pro se*. At the conclusion of the hearing, [the PCRA c]ourt granted his request and permitted him leave to proceed *pro se*, as well as his request to amend his PCRA petition. [On April 13, 2017, Appellant filed an amended PCRA petition]. On July 6, 2017, [the PCRA c]ourt gave [Appellant] notice of [its] intent to dismiss his PCRA petition. [**See** Pennsylvania Rule of Criminal Procedure 907(1)]. [Appellant]

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

filed a response on July 20, 2017. [The PCRA c]ourt subsequently dismissed his PCRA petition on August [25], 2017. [Appellant] filed a timely [n]otice of [a]ppeal on August 21, 2017. On October 3, 2017, [Appellant] was directed to file a concise statement of errors complained of on appeal. [*See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on October 27, 2017. *See id.* On November 7, 2017, the PCRA court filed an opinion. *See* Pa.R.A.P. 1925(a)].

(Trial Court Opinion, 11/07/17, at 1-2) (footnotes omitted).

On appeal, Appellant raises the following questions for this Court's review.

I. Did the P.C.R.A. [c]ourt err in dismissing [Appellant's] [PCRA] [p]etition without a hearing when [c]ounsel, Kristen Weisenberger, Esq. rendered ineffective assistance of [c]ounsel for failing to adequately prepare a defense which compelled [Appellant] to enter into an involuntary, unknowing, and [un]intelligent plea bargain?

II. Did the P.C.R.A. [c]ourt err in dismissing [Appellant's] [PCRA] [p]etition without a hearing when [c]ounsel, Kristen Weisenberger, Esq. rendered ineffective assistance of [c]ounsel for failing to properly object to the defective guilty plea colloquy?

(Appellant's Brief, at 4).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a

trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on December 2, 2016. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on April 10, 2015, thirty days after the trial court imposed sentence and Appellant did not file a direct appeal with this Court. ***See id.***; Pa.R.A.P. 903(a). Therefore, Appellant had one year, until April 11, 2016,[3] to file a timely PCRA petition. Because Appellant did not file his petition until December 2, 2016, the petition is facially untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

---

[3] April 10, 2016, was a Sunday.

- 4 -

> Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant does not argue or even mention any of the above-listed exceptions. Instead, he argues that he received ineffective assistance of plea counsel. (*See* Appellant's Brief, at 8-15).[4]

Accordingly, because Appellant failed to plead and prove that his petition falls within one of the enumerated exceptions to the PCRA time-bar, it is untimely. Thus, the PCRA court properly dismissed it. We are without jurisdiction to consider the merits of his appeal.

_____

[4] We note that this Court has long held that an appellant does not present an exception to the time-bar by claiming ineffective assistance of counsel. *See Commonwealth v. Davis*, 816 A.2d 1129, 1135 (Pa. Super. 2003), *appeal denied*, 839 A.2d 351 (Pa. 2003) ("[A]ttempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.") (citations omitted).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/21/2018</u>