J-S32039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MELKAMU LEGESSE GARUMA | : | |
| | : | |
| Appellant | : | No. 1902 MDA 2017 |

Appeal from the PCRA Order November 13, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0000783-2006
CP-36-CR-0005225-2005

BEFORE: PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 14, 2018**

Appellant, Melkamu Legesse Garuma, appeals, *pro se*, from the order of November 13, 2017, dismissing, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Because the petition is untimely without an applicable exception, we affirm.

We take the underlying facts and procedural history in this matter from this Court's December 18, 2007 memorandum and our independent review of the certified record.

> [Appellant] was charged with the murder and rape of his girlfriend, Estegenet Beyene, which occurred in the early morning hours of September 23, 2005. Shortly after the killing, [Appellant] went to the apartment of his friend, Ermias Amenti, and told him that he had killed his girlfriend and that he wanted to kill himself. Amenti called 9-1-1. Sergeant Christopher Laser of the Lancaster Bureau of Police received a radio dispatch for a "homicide not in progress" at 442 South Queen Street. Sergeant Laser and other

_____
\* Retired Senior Judge assigned to the Superior Court.

officers responded to that address. When they arrived, Amenti motioned them into his apartment where [Appellant] was sitting. After speaking with [Appellant] for several minutes, Sergeant Laser placed him under arrest and brought him to the police station for questioning.

On June 6, 2006, [Appellant] filed a motion to suppress evidence, which was denied after an evidentiary hearing. Thereafter, [Appellant] ple[a]d[ed] guilty to murder generally, and the Commonwealth agreed to withdraw its intention to seek the death penalty. [Appellant] also waived his right to a jury trial on the rape charge. On October 24, 2006, [Appellant] proceeded to a joint degree-of-guilt proceeding on the murder charge and a bench trial on the rape charge. On November 3, 2006, the trial court found [Appellant] guilty of first-degree murder and rape. [Appellant] was sentenced to life in prison for murder and a consecutive sentence of [not less than ten nor more than twenty] years for rape. After the denial of his post-sentence motions, [Appellant] timely appealed.

(*Commonwealth v. Garuma*, No. 272 MDA 2007, unpublished memorandum at *1-2 (Pa. Super. filed Dec. 18, 2007)). On December 18, 2007, this Court affirmed the judgment of sentence. The Pennsylvania Supreme Court denied leave to appeal on May 28, 2008. (*See Commonwealth v. Garuma*, 951 A.2d 1160 (Pa. 2008)).

On August 27, 2008, Appellant, acting *pro se*, filed a timely first PCRA petition. On October 2, 2008, the PCRA court appointed counsel. Counsel filed an amended PCRA petition on March 3, 2009, and an evidentiary hearing took place on November 19, 2009. On June 28, 2010, the PCRA court denied Appellant's petition. This Court affirmed the denial on May 11, 2011. (*See Commonwealth v. Garuma*, 30 A.3d 535 (Pa. Super. 2011) (unpublished memorandum)). On October 13, 2011, the Pennsylvania Supreme Court

denied leave to appeal. (*See Commonwealth v. Garuma*, 30 A.3d 487 (Pa. 2011)).

On August 24, 2017, Appellant, acting *pro se*, filed the instant PCRA petition. On September 1, 2017, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant filed a response on September 19, 2017. On November 13, 2017, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On December 4, 2017, the PCRA court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

[1.] Was the Appellant denied his Sixth and Fourteenth United States Constitutional Amendment right(s) herein to assist trial, appellate and PCRA counsel(s) with a defense where Appellant's mental health disability, previously unknown due to trial counsel's failure to conduct a proper investigation, coupled with Appellant's language barrier, hamper Appellant's ability as would have created a rebuttable presumption of competency existed at crucial times which hampered Appellant's ability to have presented this information in time for trial thereby causing a structural defect during those critical stages, as would require reversal of Appellant's conviction?

[2.] Was Appellant denied his Fifth, Sixth and Fourteenth United States Constitutional Amendments in applying Pennsylvania's Sex Offender Registration and Notification Act [SORNA] in violation of Appellant's State and Federal *ex post facto* clause rights?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

Our standard of review for an order denying PCRA relief is well-settled:

- 3 -

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on August 24, 2017. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence as to these matters became final on August 26, 2008, ninety days after the Pennsylvania Supreme Court denied leave to appeal and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13. Because Appellant did not file his current petition until August 24, 2017, the petition is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See id.*

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. **See, e.g.**, **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant seeks first to invoke the newly-discovered facts exception, (**see** Appellant's Brief, at 8-14), codified at 42 Pa.C.S.A. § 9545(b)(1)(ii), and discussed in the Pennsylvania Supreme Court's decision in **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), which held that this exception refers not to after-discovered evidence, but to facts that were previously unknown to the petitioner. **See Bennett**, **supra** at 1270. The Court in **Bennett** also held, in accord with the statutory language, that an appellant must prove that the facts upon which the claim is predicated could not have been ascertained earlier through the exercise of due diligence. **See**

*id.* at 1272; *see also Commonwealth v. Taylor*, 933 A.2d 1035, 1040-41 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008).

In the instant matter, Appellant claims that medical personnel working for the Department of Corrections (DOC) diagnosed him with a "mental health disability" and that he has realized that he suffered from this "disability" at the time of his offense. (Appellant's Brief, at 9). Appellant does not specify the nature of this disability, does not state when personnel diagnosed him, and does not explain how he realized that he also suffered from this disability at the time of the offense. (*See id.* at 9-10). Appellant does not provide any medical documentation to support his contention, claiming that under DOC policy he is unable to obtain copies of his own psychiatric records. (*See id.* at 10-11). He did attach, as an appendix to his PCRA petition, a copy of a visitor's log, which labels him as "seriously mentally ill," but provides no other information. (PCRA Petition, 8/24/17, Appendix-(A)).

In *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1210 (Pa. 2011), this Court addressed an extremely similar situation. In *Monaco*, the appellant pleaded guilty to criminal homicide generally in 1979 and, after a degree of guilty hearing, the trial court found him guilty of murder in the first degree and sentenced him to life without the possibility of parole. *See Monaco*, *supra* at 1077. The appellant was a Vietnam War veteran and, in 2002, heard a speaker discuss post-traumatic stress disorder (PTSD). *See id.* at 1078. Between 2003 and 2007, the

appellant attempted to apply for veteran's benefits based upon his belief that he suffered from PTSD; he was evaluated by three different mental health professionals who did not agree on the question of whether he suffered from PTSD. *See id.* Ultimately, in April 2007, the Veteran's Administration found that the appellant suffered from a mild form of PTSD and granted him disability benefits. *See id.* at 1079. The appellant filed a PCRA petition in June 2007, claiming that his diagnosis constituted a newly discovered fact and an exception to the time-bar. *See id.*

On appeal, this Court rejected the appellant's contention; we initially noted that, "[o]nly under a very limited circumstance has the Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition." *Id.* at 1080-81 (citation omitted). We then reiterated that, "the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." *Id.* at 1081 (citation omitted). Ultimately, this Court concluded that the appellant had not acted with due diligence in pursuing his claim, finding that he was aware at the earliest in 2002 and at the latest in 2005 that he suffered from PTSD but did not file his PCRA petition until 2007. *See id.* at 1082-83. Moreover, we held that where the appellant did not allege that his mental illness impaired his ability to "raise or communicate his claims" his diagnosis did not fall within the limited mental health exception. *Id.* at 1083.

Here, as in **Monaco**, Appellant has not alleged that his mental illness impaired his ability to file a PCRA petition or pointed to evidence of record that he was not competent at the time of his plea and trial; thus, he does not fit within the limited mental illness exception. **See Monaco**, **supra** at 1082-83; **see also Commonwealth v. Cruz**, 852 A.2d 287, 288, 296 (Pa. 2004) (to invoke mental illness exception petitioner must point to evidence of record that he was not competent at time of trial, and show that illness made him unable to discover facts forming basis of PCRA petition). Moreover, Appellant has provided minimal detail about his efforts to demonstrate due diligence compared to the appellant in **Monaco**, whose efforts we found insufficient. **See Monaco**, **supra** at 1082-83; (Appellant's Brief, at 8-14). His general claims that at some unknown time unidentified mental health professionals diagnosed him with an unspecified mental illness that rendered him incompetent to enter a guilty plea more than ten years prior to the filing of the instant petition are inadequate to show he exercised due diligence in filing the instant claim. **See Bennett**, **supra** at 1272; **Monaco**, **supra** at 1082-83. Thus, the PCRA court neither erred nor abused its discretion in finding that Appellant did not meet the newly-discovered facts exception, codified at 42 Pa.C.S.A. § 9545(b)(1)(ii).[1]

---

[1] Appellant does not present an exception to the time-bar by claiming ineffective assistance of counsel. **See Commonwealth v. Davis**, 816 A.2d 1129, 1135 (Pa. Super. 2003), *appeal denied*, 839 A.2d 351 (Pa. 2003)

In his second claim, Appellant appears to contend that his petition is timely under Section 9545(b)(1)(iii), specifically that the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (2018), renders his sentence illegal. (**See** Appellant's Brief, at 15-20). We disagree.

In **Muniz**, the Pennsylvania Supreme Court found the retroactive application of SORNA was unconstitutional as it violated the *ex post facto* clause of the Pennsylvania Constitution. **See Muniz**, **supra** at 1193. However, in a recent decision, a panel of this Court held that an appellant "cannot rely on **Muniz** to meet that timeliness exception[,]" to the PCRA because the Pennsylvania Supreme Court has not held that it applies retroactively which is required "to satisfy section 9545(b)(1)(iii)." **Commonwealth v. Murphy**, 180 A.3d 402, 406 (Pa. Super. 2018) (citation omitted). Therefore, Appellant's claim must fail.[2]

---

("[A]ttempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.") (citations omitted); **see also** Appellant's Brief, at 9-10). Moreover, his claim that counsel was ineffective for failing to conduct a proper investigation prior to trial and thus failed to find the evidence of Appellant's mental illness clearly contradicts his claim that this is a newly discovered fact that he was unaware of until diagnosed by DOC medical personnel.

[2] In any event, it is not readily apparent that **Muniz** is applicable in this matter because Appellant was required to register as a lifetime offender prior to the enactment of SORNA. (**See** Commonwealth's Brief, at 10).

Thus, Appellant's PCRA petition is untimely with no statutory exception to the PCRA time-bar applying. **See Hutchins**, **supra** at 53. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/18