**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Bruce DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 2002.

Filed Jan. 28, 2003.

Bruce Davis, appellant, pro se.

William R. Toal, III, Asst. Dist. Atty., Media, for Com., appellee.

Before: BOWES, GRACI, and OLSZEWSKI, JJ.

GRACI, J.:

¶ 1 Bruce Davis ("Davis") appeals, *pro se*, the December 20, 2001, order disposing of his second petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. Davis' petition was denied without a hearing, following proper notice, on the basis that the petition was untimely filed. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2 Davis was arrested on March 11, 1995, as a suspect in the stabbing of his girlfriend, Venere Harris ("Harris"), that had occurred the night before. Prior to that day, on February 21, 1995, Davis had allegedly assaulted Harris and was subsequently arrested for the assault. The assault charges against Davis were dismissed, and he was released from custody on March 10, 1995, when Harris failed to appear at the preliminary hearing. Later that evening on March 10, 1995, Harris was murdered at her home, and her car and credit cards were stolen. When Davis was arrested the following day he was in possession of Harris' credit cards.

¶ 3 On March 21, 1995, a criminal complaint was issued charging Davis with 18 Pa.C.S.A. § 2501, Criminal Homicide; 18 Pa.C.S.A. § 2502, Murder; 18 Pa.C.S.A. § 2701, Aggravated Assault; 18 Pa.C.S.A. § 2705, Recklessly Endangering Another Person; 18 Pa.C.S.A. § 907, Possessing Instruments of Crime; 18 Pa.C.S.A. § 3921, Theft by Unlawful Taking or Disposition; 18 Pa.C.S.A. § 3928, Unauthorized Use of Motor Vehicle for Harris' murder and related offenses.

¶ 4 A jury trial was held on February 6, 7, 8, 9, and 12, 1996. Davis was found

guilty of Murder in the First Degree, Aggravated Assault; Recklessly Endangering Another Person, Theft by Unlawful Taking, Unauthorized Use of Motor Vehicles, and Possessing Instruments of Crime. Davis was represented by counsel at trial.

¶ 5 Davis was sentenced on March 7, 1996, to life in prison for the count of Murder in the First Degree; to a minimum period of six months to a maximum of twelve months for the count of Theft by unlawful Taking, sentence to run consecutively with the penalty imposed for Murder; and to a minimum period of three months to a maximum of twelve months for the count of Possession of an Instrument of Crime, sentence to run consecutively with the penalties imposed for Murder and Theft.[1] Davis' Post–Sentence Motions were denied.

¶ 6 This Court affirmed the judgment of sentence on April 17, 1997. Davis' Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on October 15, 1997.

¶ 7 On October 15, 1998, Davis filed a Petition for Post Conviction Relief. The PCRA court denied the petition by Order dated June 30, 1999, following a hearing. This Court affirmed the denial of the Petition on December 21, 2000. Davis' Peti-

tion for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on July 10, 2001.

¶ 8 Davis filed a second PCRA Petition on July 30, 2001. The Commonwealth filed a Motion to Dismiss Davis' PCRA Petition Without an Evidentiary Hearing, and Davis filed an Objection in response. After providing Davis with Notice of Intention to Dismiss PCRA Petition Without a Hearing Pursuant to Pa.R.Crim.P. 1507, the court dismissed Davis' second PCRA petition by Order dated December 20, 2001, stating that there were no genuine issues of material facts, Davis was not entitled to post-conviction collateral relief as a matter of law, and no purpose would be served by any further proceedings.

¶ 9 Davis filed a notice of appeal to this Court on January 8, 2002. A 1925(b) Statement and a 1925(a) Opinion were filed. On August 19, 2002, Davis filed a Motion for Remand to the Lower Court Due to the Lower Court's Failure To Provide Its Own Independent Reasoning For Dismissing Defendant's PCRA Petition. In this motion, Davis asserts that the PCRA court merely adopted the Commonwealth's motion to dismiss as its opinion.[2]

---

1. The sentencing court determined that the convictions for Aggravated Assault and Recklessly Endangering Another Person merged with Murder in the First Degree and Unauthorized Use of Motor Vehicles merged with Theft by Unlawful Taking for sentencing purposes.

2. By separate Order we deny this motion. In *Commonwealth v. Williams,* 557 Pa. 207, 732 A.2d 1167, 1176 (1999) (*"Williams I"*), the Supreme Court disapproved the practice, at least in a capital case where the prosecution was alleged to have violated discovery rules, suborned perjury and otherwise engaged in misconduct of "the wholesale adoption by the post-conviction court of" the Commonwealth's brief as the post-conviction court's

opinion denying relief. *See also Commonwealth v. Williams,* 566 Pa. 553, 782 A.2d 517, 522–23 (2001) (*"Williams II"*). It must first be observed that this is not a capital case. In addition, Davis' claims do not allege misconduct by the prosecution. Most importantly, however, the PCRA court did not simply adopt the Commonwealth's brief as its opinion in this case. The PCRA court, while it appears to have relied on the Commonwealth's submission in doing so, crafted a full opinion explaining its independent reasoning for dismissing Davis' PCRA petition. We have no doubt that the PCRA court's opinion represents an "autonomous judicial expression of the reasons for dismissal." *Williams I,* at 1176.

¶ 10 Davis presented the following issues for our review:

1. Was appellant's PCRA petition timely filed where it was filed within one year of the time he was legally capable of filing it? And if not, was there government interference with the filing?

2. Was Appellant denied a fair trial and effective assistance of counsel where all prior Counsel's [sic] failed to raise or preserve the issue that trial Counsel was ineffective for knowingly and deliberately presenting perjured testimony?

3. Was Appellant denied a fair trial effective assistance of Counsel where all prior Counsel's [sic] failed to raise or preserve the issue that trial Counsel was ineffective for failing to [sic] the relevance of prejudicial evidence?

## II. SCOPE AND STANDARD OF REVIEW

■■■ ¶ 11 In reviewing the propriety of the PCRA court's dismissal of the petition, we are limited to determining whether the court's findings are supported by the record, and whether the order is free of legal error. *Commonwealth v. Kutnyak*, 781 A.2d 1259 (Pa.Super.2001). We conclude, upon review of the record, that the PCRA court properly determined that Davis failed to file a timely second PCRA petition. Finding no error in that determination, we affirm the order of the PCRA court.

## III. DISCUSSION

■■■ ¶ 12 We begin our analysis by noting that the timeliness requirements of 42 Pa.C.S.A. § 9545(b) are jurisdictional in nature, and the courts lack jurisdiction to grant PCRA relief unless the petitioner can plead and prove that one of the exceptions to the time bar applies. *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d

911, 913–914 (2000). "[W]e must, as a threshold matter, determine whether the petition should be dismissed as untimely." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 217 (1999).

¶ 13 Davis' petition was filed on July 30, 2001. The timeliness requirement contained in the Act is as follows:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or

at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

¶ 14 Davis' judgment of sentence became final on January 13, 1998, when 90 days passed from the denial of his request for allowance of appeal by our Supreme Court on October 15, 1997; and Davis did not seek a writ of certiorari in the United States Supreme Court. Therefore, a timely PCRA petition, including this second petition, had to be filed by January 13, 1999. Davis did not file his second petition until July 30, 2001. *See Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa.Super.1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998).

■■ ¶ 15 Davis contends that under *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585 (2000), he could not file his second petition while his appeal from his first PCRA petition was pending. He argues that the one-year statute of limitations is tolled once his first petition was filed and began to run again when the appeal from that petition was resolved. Appellant's Brief, at 8–9. Reliance on *Lark* for such a proposition, however, is misplaced. *Lark* is clear in stating:

> [W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. *If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time*

*bar under 42 Pa.C.S.A. § 9545(b)(1) applies.* The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition; because this is the first "date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

*Id.,* at 588 (emphasis added; footnote omitted).

¶ 16 Here, while Davis was precluded from filing his second PCRA petition until the appeal from his first was resolved, since the second petition was not filed within a year of the date when his judgment became final, he was required to plead and prove one of the exceptions to the jurisdictional time bar.[3] This he failed to do.

■■ ¶ 17 Davis argues that the interference by government officials exception to the timeliness requirement, 42 Pa.C.S.A. 9545(b)(1)(i), applies to this matter. He bases his argument on the *Lark* prohibition of the filing of a second PCRA petition while an appeal from a prior PCRA petition is pending, suggesting that the prohibition constitutes illegal governmental interference. We reject this argument. *Lark* clarified the procedure to be followed for the filing of a second or subsequent PCRA petition when an appeal from a first PCRA petition is pending. *Lark* was clear in explaining that a second petition following this procedure must plead and prove one of the three limited exceptions to the one-year time bar, including interference by governmental officials. *Id.,* 42 Pa. C.S.A. § 9545(b)(1)(i). This procedure, which provides a benefit to convicts seeking to file subsequent PCRA petitions, cannot be deemed to be governmental interference within the meaning of the first exception to the timeliness requirement of the PCRA.

---

3. There is no question that he met the sixty day requirement of section 9542(b)(2).

¶ 18 *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999) is the seminal case regarding the filing of multiple PCRA petitions after the enactment of the 1995 Amendments to the PCRA. *Fahy* reiterated the intent of the legislature regarding the filing of multiple PCRA petitions:

> [T]he General Assembly has not provided for an individual to file an unlimited number of petitions for collateral review. For first PCRA petitions, the General Assembly has provided for a one-year period subsequent to judgment in which to file for collateral relief. Additionally, for those whose judgments were final prior to the effective date of the amendments, but who had not filed an initial PCRA petition, the General Assembly granted a one-year period after the effective date of the amendments in which to file their first petitions. Thus, it is only a second or subsequent petition that must satisfy the exceptions contained in section (b)(1)(i)–(iii). This framework is reasonable and does not constitute an impermissible retroactive application of time restraints.

*Id.* at 221.

¶ 19 Davis attempts to invoke the principle of equitable tolling as a basis for this Court to find that his petition is not untimely under the PCRA. Not unlike the petitioner in *Fahy,* Davis submits that he has diligently attempted to litigate his claims by filing a second PCRA petition only twenty days after his petition for allowance of appeal relative to the first petition was denied by the Pennsylvania Supreme Court. Appellant's Brief at 5, 10. However, the *Fahy* Court clearly stated, "that the time limitations pursuant to the amendments to the PCRA are jurisdictional." *Id.* at 222 (citation omitted).

> Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)–(iii) and timely filing pursuant to (b)(2). As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)–(iii).

*Id.* (citations omitted). Davis' argument regarding tolling is without merit and must be rejected.

¶ 20 Davis' final two issues present claims of ineffective assistance of counsel. Appellant's Brief, at i. However, attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts. *See Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780 (2000) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911 (2000); *Commonwealth v. Lark,* 560 Pa. 487, 746 A.2d 585 (2000); *Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258 (1999); *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999); *Commonwealth v. Yarris,* 557 Pa. 12, 731 A.2d 581 (1999); *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638 (1998); *Commonwealth v. Kubis,* 808 A.2d 196 (Pa.Super.2002); *Commonwealth v. Carr,* 768 A.2d 1164 (Pa.Super.2001). Accordingly, we decline Davis' invitation to revisit this well-settled area of the law.

¶ 21 The PCRA court properly concluded that the petition was untimely and not within any exception. 42 Pa. C.S.A. §§ 9545(b). Opinion, May 16, 2002, at 5. As there was no error in this conclusion we affirm on this basis.[4]

¶ 22 Order affirmed.

---

**4.** As this was admittedly Davis' second PCRA petition, he was also required to satisfy the dictates of *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107, 112 (1988), and its progeny. *Commonwealth v. Palmer*, 2002 WL 31859547 (December 23, 2002). Davis has made no attempt to make the strong *prima facie* showing needed to demonstrate that a miscarriage of justice may have occurred. *Id.* Failure to satisfy the *Lawson* threshold, like untimeliness, yields dismissal of a second or subsequent PCRA petition. *Id.* We could likewise affirm the dismissal of the second petition in this case on this separate basis. *Commonwealth v. Miller*, 787 A.2d 1036 (Pa.Super.2001) (appellate court may affirm on basis different from trial court).