J-S32042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT L. HINES, III, | |
| Appellant | No. 2353 EDA 2015 |

Appeal from the PCRA Order July 14, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0606671-1997

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 11, 2016**

Appellant, Robert L. Hines, III, appeals *pro se* from the order of July 14, 2015, dismissing his serial, fourth petition, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

On June 11, 1998, following a bench trial, the trial court convicted Appellant of murder of the first degree, and related offenses.  The charges arose out of the then nineteen-year-old Appellant's 1994 killing of a man during a robbery.  Following a penalty hearing, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole.  On June 22, 1999, this Court affirmed the judgment of sentence.  (***See***

_____

[*] Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Hines***, No. 1942 Philadelphia 1998 (Pa. Super. filed June 22, 1999) (unpublished memorandum)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

Subsequently, Appellant has filed three PCRA petitions. The PCRA court dismissed each petition. Appellant did not appeal from the dismissal of the first petition, but this Court affirmed the dismissals of the second and third petitions on appeal.

On May 29, 2015, Appellant filed the instant, *pro se*, fourth PCRA petition. On June 8, 2015, the PCRA court filed a Rule 907 notice of its intention to dismiss Appellant's PCRA petition. ***See*** Pa.R.Crim.P. 907(1). On June 24, 2015, Appellant filed a response. On July 14, 2015, the PCRA court dismissed Appellant's fourth PCRA petition as untimely. Appellant timely appealed.[1]

Appellant raises two questions for this Court's review:

> 1. Did the [PCRA] court commit error in ruling the *pro se* petition not timely filed?
>
> 2. Is Appellant entitled to an evidentiary hearing in order to prove his *pro se* claims relative to the [PCRA] court's proper jurisdiction (timeliness) and relative to the merits of the *pro se* claims?

(Appellant's Brief, at 2).

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). The PCRA court filed an opinion on August 31, 2015. ***See*** Pa.R.A.P. 1925(a).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his fourth PCRA petition on May 29, 2015. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on July 22, 1999, thirty days after this Court affirmed the judgment of sentence and Appellant did not seek leave to appeal to the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had one year, until July 24, 2000,[2] to file a timely PCRA petition. Because Appellant did not file his current petition until May 29, 2015, the petition is facially untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1).

---

[2] July 22, 2000 was a Saturday.

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at §§ 9545(b)(1)(i)-(iii).   Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented."   *Id.* at § 9545(b)(2).   The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies.  *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).   Here, Appellant alleges that his petition is timely under sections 9545(b)(1)(i) and (ii).  (*See* Appellant's Brief, at 6).

Appellant's arguments under both the governmental interference exception and the newly-discovered facts exception are related.  Appellant claims that, at the time of trial, he waived his right to a jury trial based upon defense counsel's advice that, if he did so, he would receive life with the

possibility of parole. (***See id.***). Appellant maintains that he was unaware that the trial court had sentenced him to life without the possibility of parole until May 2015, after he asked prison officials about his parole status. (***See id.*** at 8).

Appellant claims that trial counsel's ineffective assistance constituted governmental interference.[3] (***See*** Appellant's Brief, at 7). To plead and prove the governmental interference exception codified at 42 Pa.C.S.A. § 9545(b)(1)(i), Appellant must show that "the failure to raise the claim previously was the result of **interference by government officials[**.]" 42 Pa.C.S.A. § 9545(b)(1)(i) (emphasis added). However, the PCRA specifically excludes defense counsel from the definition of "government officials." ***See*** 42 Pa.C.S.A. § 9545(b)(4); ***see also Commonwealth v. Abu-Jamal***, 833 A.2d 719, 733 (Pa. 2003), *cert. denied*, 541 U.S. 1048 (2004) (finding claim that prior counsel was ineffective did not satisfy governmental interference exception). Thus, this claim must fail.

Appellant also seeks to invoke the newly-discovered facts exception codified at 42 Pa.C.S.A. § 9545(b)(1)(ii) and discussed in the Pennsylvania Supreme Court's decision in ***Commonwealth v. Bennett***, 930 A.2d 1264

---

[3] We note that Appellant does not present an exception to the time-bar by claiming ineffective assistance of counsel. ***See Commonwealth v. Davis***, 816 A.2d 1129, 1135 (Pa. Super. 2003), *appeal denied*, 839 A.2d 351 (Pa. 2003) ("[A]ttempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.") (citations omitted).

(Pa. 2007), which held that this exception refers not to after-discovered evidence but to facts that were previously unknown to the petitioner. **See Bennett**, **supra** at 1270. The Court in **Bennett** also held, in accord with the statutory language, that an appellant must prove that the facts upon which the claim is predicated could not have been ascertained earlier through the exercise of due diligence. **See id.** at 1272. "A petitioner must . . . explain why his asserted facts could not have been ascertained earlier with the exercise of due diligence." **Commonwealth v. Taylor**, 933 A.2d 1035, 1041 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citation omitted).

Here, even assuming, *arguendo*, that Appellant was somehow unaware of his sentence until 2015, he has not shown that he exercised due diligence. The trial court sentenced Appellant in 1998; the record clearly demonstrates that the trial court sentenced him to life without the possibility of parole. Thus, the information regarding his sentence was readily available beginning in June 1998 had Appellant requested it. Appellant has provided no explanation as to why he waited until May 2015, nearly seventeen years later to inquire about his sentence. Accordingly, Appellant has failed to show that he complied with the due diligence requirement of 42 Pa.C.S.A. § 9545(b)(1)(ii). **See Taylor**, **supra** at 1041.

Thus, because the record demonstrates that Appellant's fourth PCRA petition is untimely with none of the statutory exceptions to the time bar

proven, we affirm the order of the trial court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016