J-S57014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKADMUS ABROKWA | : | |
| | : | |
| Appellant | : | No. 4057 EDA 2017 |

Appeal from the PCRA Order November 14, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007784-2012,
CP-51-CR-0007785-2012

BEFORE:   PANELLA, J., PLATT[*], J., and STRASSBURGER[*], J.

MEMORANDUM BY PANELLA, J.                   **FILED DECEMBER 14, 2018**

Rickadmus[1] Abrokwa appeals, *pro se*, from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Appellant contends the PCRA court erred in failing to address his claims of guilty plea counsel's ineffectiveness on the merits. We conclude the court properly recognized Appellant's petition was time-barred, and therefore affirm.

On April 17, 2015, Appellant entered a negotiated guilty plea to two counts of assault of a law enforcement officer. That same day the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant alternates spelling his first name "Ridkadmus" and "Rickadamus." The record indicates his first name is spelled "Rickadmus," which we shall use here.

sentenced Appellant to four to ten years' incarceration, followed by four years' probation. Appellant did not file post-sentence motions or a direct appeal.

Over a year later, on August 18, 2016, Appellant filed his first PCRA petition. The PCRA court appointed counsel who later filed a **Turner/Finley**[2] "no-merit" letter and a motion to withdraw. Based on counsel's "no-merit" letter and its independent review of the record, the PCRA court issued its notice of intent to summarily dismiss the petition. Appellant did not respond to the PCRA court's notice. The court later permitted counsel to withdraw and dismissed Appellant's petition. This timely appeal follows.

Prior to reaching the merits of Appellant's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Appellant's judgment of sentence became final on May 18, 2015,[3] when his 30-day window for filing a notice of appeal with this Court expired. *See* Pa.R.Crim.P. 720(A)(3); 42 Pa.C.S.A. § 9545(b)(3). Appellant's petition— filed one year and three months later—is untimely. Thus, the PCRA court lacked jurisdiction to review Appellant's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant only pled the ineffective assistance of plea counsel. But claims of ineffective assistance do not present an exception to the time-bar. *See*, *e.g.*, *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("[A] claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."); *Commonwealth v. Davis*, 816 A.2d 1129, 1135 (Pa. Super. 2003) ("[A]ttempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.")

As Appellant's PCRA petition was clearly facially untimely, with no exceptions pled, we find the PCRA court properly dismissed the petition.

---

[3] The last day of Appellant's 30-day appeal period fell on Sunday, May 17, 2015. We have adjusted the last day to Monday, May 18, 2015. *See* 1 Pa.C.S.A. § 1908.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/18