J-S52004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONTANA BELL | : | |
| | : | |
| Appellant | : | No. 3407 EDA 2018 |

Appeal from the PCRA Order Entered November 5, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012776-2011

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 15, 2019**

Montana Bell appeals, *pro se*, from the order entered November 5, 2018, in the Philadelphia County Court of Common Pleas, dismissing as untimely his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Bell seeks relief from the judgment of sentence of 25 to 50 years' imprisonment, imposed on August 15, 2013, following his jury conviction of one count each of murder in the third degree, violations of the uniform firearms act, and possessing an instrument of crime.  On appeal, he asserts the PCRA court erred in dismissing the petition as untimely because he has newly discovered evidence.  For the reasons discussed below, we affirm in

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

part, vacate in part, and remand for further proceedings consistent with this memorandum.

We take the underlying facts and procedural history in this matter from this Court's November 26, 2014 opinion on direct appeal.

The trial court summarized the facts of this case as follows:

> These charges arose out of an incident that occurred on July 11, 2011, at approximately 11:45 p.m. [Bell] and the decedent, Kim Davis ("Davis"), were engaged in an ongoing argument over prescription pills and money. Davis and [Bell] met up that night and continued their argument at the corner of Patton and Allegheny Streets, outside Davis's home. During the argument, [Bell] hit Davis, knocking her to the ground. Davis got back up to her feet and reached for the hammer she carried around the neighborhood for protection but before she could get the hammer out, [Bell] shot her. Davis was shot twice in the head and neck area but suffered three (3) gunshot wounds. Davis was shot in her right cheek and the bullet exited her left cheek, hitting the left upper cervical spine causing a spinal cord injury. Davis was shot in her neck, behind her right ear, causing injury to her right temporal lobe. Davis's third gunshot wound was to her left forearm and appeared to be a reentry from having her forearm near either her cheek or her neck at the time she was shot.
>
> Officer James Russell ("Officer Russell") and his partner, James Somerville ("Officer Somerville") noticed a job pending at Patton & Allegheny Streets and responded over police radio that they would handle the job. Upon arrival, they were flagged down by a woman on the street who stated that there was a woman, later identified as Davis, lying on the ground. Both Officers Russell and Somerville got out of the patrol car and approached Davis, who was laying on her stomach. The officers rolled Davis over on her back and noticed a large amount of blood coming from her head. When asked if she knew who

shot her, Davis was unresponsive. Davis was breathing but was having difficulty speaking because blood was coming from her mouth. Other officers arrived shortly after and helped Officers Russell and Somerville carry Davis to Russell and Somerville's patrol car. Officers Russell and Somerville rushed Davis to Temple University Hospital and remained at the hospital with Davis. Davis was pronounced dead at 12:01 a.m. on July 12, 2011. Davis was transported to the Medical Examiner's Office where an autopsy was performed which determined that the cause of death was two (2) gunshot wounds to the face and neck and the manner of death was homicide.

Trial Court Opinion, 3/4/14, at 2–3.

The trial court provided the following procedural history of this case:

On June 21, 2013, [Bell] was found guilty, [by a jury], of one (1) count of third degree murder, a felony of the first degree; one (1) count of Violating the Uniform Firearms Act ("VUFA") § 6108, a misdemeanor of the first degree; and, one (1) count of Possession of an Instrument of Crime ("PIC"), a misdemeanor of the first degree. On August 15, 2013, [the trial court] sentenced [Bell] to twenty to forty (20–40) years for the 3rd degree murder conviction, two and one-half to five (2½–5) years incarceration for the VUFA conviction, and two and one-half to five (2½–5) years incarceration for PIC. All convictions are to run consecutively, for a cumulative sentence of twenty-five to fifty (25–50) years incarceration. . . .

Trial Court Opinion, 3/4/14, at 1–2. . . .

*Commonwealth v. Bell*, 2014 WL 10558245, at ** 1-2 (Pa. Super. Nov. 26, 2014) (unpublished memorandum).

- 3 -

On November 26, 2014, this Court affirmed the judgment of sentence. *See id.* at *1. Bell did not seek leave to appeal to the Pennsylvania Supreme Court.

On February 2, 2016, Bell filed the instant PCRA petition. The PCRA court appointed counsel who filed amended PCRA petitions. However, Bell wished to proceed *pro se* and, therefore, the court held a *Grazier* hearing,[2] after which it permitted Bell to proceed *pro se* with appointed backup counsel. After the filing of several more amended PCRA petitions, on October 3, 2018, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Bell did not file a response. On November 5, 2018, the PCRA court dismissed the petition as untimely filed. Bell filed a timely notice of appeal. On November 29, 2018, the PCRA court directed Bell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Bell filed a timely Rule 1925(b) statement on December 19, 2018. On January 8, 2019, the PCRA court filed an opinion, in which it recommended remanding for an evidentiary hearing on one of the issues raised by Bell.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016)

_____

[2] *Commonwealth v. Grazier*, 393 A.2d 335 (Pa. 1978).

- 4 -

(internal punctuation and citation omitted). Here, the PCRA court determined, *inter alia*, that Bell's petition was untimely. We agree. A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1).

> The PCRA timeliness requirement, however, is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 572 U.S. 1151 (2014).

Bell's judgment of sentence was final on December 26, 2014, 30 days after this Court affirmed the judgment of sentence and Bell failed to seek leave to appeal to the Pennsylvania Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 113(a). Therefore, he had until December 28, 2015,[3] to file a timely PCRA petition. His petition, filed February 2, 2016, is untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[3] December 26, 2015, was a Saturday.

- 5 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, Bell attempts to invoke the unknown facts exception set forth in Subsection 9545(b)(1)(ii). Until recently, a petitioner invoking an exception had to file his petition within 60 days of the date he or she could have presented the claim.[4]

This Court has previously explained the interplay between the newly discovered facts exception to the timeliness requirements and a substantive collateral claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered

---

[4] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015) (some citations and quotation marks omitted, emphases in original), *appeal denied*, 125 A.3d 1197 (Pa. 2015). Accordingly, before we may consider whether Bell's substantive claim of after-discovered evidence merits relief, we must first determine whether he has established "there were facts unknown to him and that he exercised due diligence in discovering those facts." *Id.* at 176.

Bell first contends he discovered the judge who presided over the preliminary hearing in this matter, former Philadelphia Municipal Court Judge

Dawn Segal, was removed from the bench for corruption. *See* Bell's Brief, at 6-10. Bell attached multiple documents supporting this claim to his August 20, 2017 and December 20, 2017 amended PCRA petitions.

Even assuming, *arguendo*, Bell has demonstrated both that this was an unknown fact and he exercised due diligence, this claim cannot succeed. Here, former Judge Segal's only involvement in this matter was to preside over Bell's preliminary hearing. Our Supreme Court has held once a defendant has pleaded guilty or gone to trial and been found guilty he cannot establish actual prejudice relative to alleged errors that took place at a preliminary hearing. *See Commonwealth v. Sanchez*, 82 A.3d 943, 984 (Pa. 2013), *cert. denied*, 135 S.Ct. 154 (2014). As the PCRA court stated, "[s]ince [Bell's] complaint is simply that his preliminary hearing was presided over by a jurist later removed from the Municipal Court bench, and because [Bell] was properly convicted following a jury trial presided over by a different judge of the Court of Common Pleas, [he] is entitled to no relief." PCRA Court Opinion, 1/08/2019, at 6. We agree; Bell's first claim does not merit relief.

In his second and third claims, Bell argues the PCRA court erred in not holding an evidentiary hearing and in not holding he met the timeliness exception based upon his claim of police misconduct. Bell's Brief, at 10-12. Specifically, Bell alleges former Philadelphia Police Detective James Pitts, who interviewed a Commonwealth witness in this matter, was later found to be corrupt and was disciplined for his actions. *See id.*

However, at trial, Bell was already aware Commonwealth witness Nathaniel Devore maintained Detective Pitts coerced his statement and defense counsel thoroughly questioned Devore about the circumstances and his disavowal at trial of the statement. ***See*** N.T. Trial, 6/18/2013, at 178-184.

In rejecting this type of claim, we stated:

> In ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714 (Pa.2008), our Supreme Court explained that,
>
> > [e]xception (b)(1)(ii) "requires petitioner to allege and prove that there were '**facts**' that were 'unknown' to him" and that he could not have ascertained those **facts** by the exercise of "due diligence." [***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264, 1271-1272 (Pa. 2007)] (emphasis added). The focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Johnson***, 580 Pa. 594, 863 A.2d 423, 427 (2004) (emphasis in original). In ***Johnson***, this Court rejected the petitioner's argument that a witness's subsequent admission of alleged facts brought a claim within the scope of exception (b)(1)(ii) even though the facts had been available to the petitioner beforehand. Relying on ***Johnson***, this Court more recently held that an affidavit alleging perjury did not bring a petitioner's claim of fabricated testimony within the scope of exception (b)(1)(ii) because the only "new" aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim. [***Commonwealth v.***] ***Abu–Jamal***, [941 A.2d 1263,] 1267 [Pa. 2008)]. Specifically, we held that the fact that the petitioner "discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." ***Id.*** at 1269.

***Marshall***, 947 A.2d at 720 (footnote omitted).

Here, Bell knew at the time of trial that Devore contended Pitts obtained his statement through coercion. His current claim is merely another conduit for information regarding a previously known fact. *See id.* Bell's second and third contentions do not merit relief.

In his fourth claim, Bell contends the PCRA court should have determined his petition was timely because prior counsel failed to raise issues on appeal that he raised in the Pa.R.A.P. 1925(b) statement. Bell's Brief, at 12-14. This Court has long held an appellant does not present an exception to the time-bar by claiming ineffective assistance of counsel. *See* ***Commonwealth v. Davis***, 816 A.2d 1129, 1135 (Pa. Super. 2003), *appeal denied*, 839 A.2d 351 (Pa. 2003) ("[A]ttempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.") (citations omitted). Bell's fourth claim does not merit relief.

In his fifth claim, Bell avers his direct appeal counsel abandoned him and failed to file a request for leave to appeal to the Pennsylvania Supreme Court. Bell's Brief, at 14-15. In ***Bennett***, *supra*, the Pennsylvania Supreme Court determined counsel's failure to file an appellate brief and perfect the appeal, which resulted in this Court's dismissal of the appeal, constituted abandonment as it was "the functional equivalent of having no counsel at all." ***Id.*** at 1273. Our Supreme Court further concluded counsel's abandonment could serve as a newly discovered fact, as

allowing such claims to go forward would not eviscerate the time requirements crafted by the Legislature [in the PCRA]. Rather, subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control.

*Id.* In so holding, the Court distinguished Bennett's claim of counsel's abandonment from those claims of ineffectiveness that "narrowed the ambit of appellate review," and could not fall within the purview of Section 9545(b)(1)(ii). *Id.* at 1273.

Here, however, we are unable to determine whether Bell acted with due diligence in bringing this claim and/or he brought this claim within sixty days of discovering the information. Bell attached to his original petition an unsworn affidavit dated November 3, 2015, from DeVonte Douglass. In the affidavit, Douglass states he was assisting Bell with his legal work and contacted Bell's former counsel on August 15, 2015. *See* Affidavit of DeVonte Douglass, 11/03/2015, at unnumbered page 1. At that time, Douglass was already aware counsel had not sought leave to appeal to the Pennsylvania Supreme Court. *See id.* We cannot ascertain from the affidavit when either Bell or Douglass became aware of that fact; nor why Bell waited until February 2016 to file his PCRA petition. Both the PCRA court and the Commonwealth believe Bell is entitled to an evidentiary hearing on the issue of due diligence and the sixty-day rule. *See* PCRA Court Opinion at 10; Commonwealth's Brief, at 6. We agree.

We agree with the PCRA court that there is a genuine issue of material fact as to whether the facts were unknown and whether Bell acted with due diligence and within sixty days of discovering the alleged fact. Therefore, Bell is entitled to an evidentiary hearing with respect to these issues.[5] If, after a hearing, the PCRA court determines the facts were unknown and Bell did act with due diligence and within sixty days, then Bell has pled and proven the applicability of the newly discovered fact exception to the PCRA's timeliness requirement. In that case, the PCRA court possesses the jurisdiction to consider the merits of Bell's abandonment by counsel claim.

In his final issue, Bell maintains the PCRA court should not have dismissed the petition without first writing a detailed opinion. **See** Bell's Brief, at 15-17. However, Bell waived this issue because he raised it for the first time on appeal. **See Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a). In any event, the claim is without merit.

There is nothing in the text of Rule 907 that requires the PCRA court to undertake an independent analysis of the issues in the notice. **See** Pa.R.Crim.P. 907. Here, the PCRA court alerted Bell in its Rule 907 notice as

---

[5] We make no determination as to whether Bell met the threshold inquiry of establishing "the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence." **Brown, supra** at 1076.

- 12 -

to the reasons why it was proposing to dismiss his petition without a hearing. It then drafted a full and independent Rule 1925(a) opinion explaining the basis for its decision.  That is all that is required.  **See id.**  Thus, this issue does not merit relief.

Accordingly, for the reasons discussed above, we affirm in part, vacate in part, and remand for a due diligence hearing on Bell's claim of abandonment by direct appeal counsel.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/19