J-S23024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE ALBERTO SANTIAGO-LEON | : | |
| | : | |
| Appellant | : | No. 1331 MDA 2021 |

Appeal from the PCRA Order Entered September 20, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003366-2016

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 09, 2022**

Jamie Alberto Santiago-Leon appeals from the order dismissing his Post Conviction Relief Act ("PCRA")[1] petition as untimely. Santiago-Leon argues his petition is timely under a theory of equitable tolling because (1) he does not speak English, (2) his trial counsel abandoned him, and (3) he asserts a claim of actual innocence. He further argues that his PCRA counsel was ineffective for failing to present his timeliness arguments to the court, and that the court disregarded his request to proceed *pro se*. We affirm.

Santiago-Leon "was charged with one count of Criminal Homicide after he shot a man named Luis Santiago one time in the face, killing him." Trial Court Opinion, 2/14/22, at 1 (footnote omitted). Santiago-Leon pleaded guilty

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

to one count of Third-Degree Murder. **See** 18 Pa.C.S.A. § 2502(c). The court sentenced him to serve a term of 20 to 40 years' incarceration on September 13, 2017. Santiago-Leon did not file a direct appeal.

Over three years later, in April 2021, Santiago-Leon filed a "Motion to Withdraw Guilty Plea, Nunc Pro Tunc," which the court treated as a first PCRA petition. Among its other requests, the petition stated Santiago-Leon "does not at this time want counsel appointed unless, it is Court Ordered that said Counsel would have to follow the directions of my Jailhouse Assistant, Timothy S. Hikledire, GX-7550, and an interruptor [sic] that this Defendant trusts to explain to him what is actually being said." Mot. to Withdraw Guilty Plea, Nunc Pro Tunc, 4/7/21, at ¶ 12. Nonetheless, the court appointed counsel, who filed a motion to withdraw. Counsel attached to her motion a copy of the **Finley** no-merit letter[2] she sent to Santiago-Leon explaining her conclusion that his petition was untimely.[3]

The court granted counsel's motion to withdraw and issued Rule 907 notice of its intent to dismiss the petition without a hearing. **See** Pa.R.Crim.P. 907. Santiago submitted a *pro se* response to the Rule 907 notice, asserting his PCRA counsel had erred in determining his claims lacked merit and filing a **Finley** letter, and that in treating his motion as a PCRA petition, the court had

---

[2] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1998) (*en banc*) (explaining requirements for counsel seeking to withdraw from representation in collateral proceedings).

[3] Counsel included a copy in English as well as one in Spanish.

prevented him "from asserting actual meritorious issues." Defendant's Response to 907 Notice of Intent, dated 8/9/21, at 1. The court dismissed the petition.

Santiago-Leon filed a notice of appeal.[4] He presents the following issues:

1. Whether the P.C.R.A. Court violated [Santiago-Leon]'s Rights to Self-[Representation], when it ignored [Santiago-Leon]'s explicit request for NO appointment of Counsel?

2. Whether Appointed P.C.R.A. Counsel was ineffective and whether [Santiago-Leon]'s P.C.R.A. was properly reviewed by P.C.R.A. Counsel?

3. Is [Santiago-Leon] inherently entitled to Equitable Tolling, caused by Counsel's Abandonment, negligence which prejudiced [Santiago-Leon?]

4. Whether the Lancaster Police Officer(s) and/or Detectives violate[d] . . . [Santiago-Leon]'s Rights against an Illegal Photo Array, at many times when consisting [of] One Photo[?]

5. Whether the testimony of witnesses was unreliable, since many statements differed from each other?

6. Has the Commonwealth proven or presented Prima Facie sufficient to reach the determination of intent, outside the scope of skunk [sic] throwing[?]

7. Was [Santiago-Leon] extremely prejudiced by "not" having and/or receiving Case documents presented in [his] native tongue?

_____

[4] The notice of appeal states the appeal is from the order entered "on 17th day of Sept. 24, 2021." Notice of Appeal, 10/15/21, at 1. However, those dates reflect when the trial court signed the final order dismissing the petition and when Santiago-Leon signed the notice of appeal. The court filed the order on the trial court docket on September 20, 2021, and we have amended the caption accordingly. Santiago-Leon also filed a second notice of appeal. We dismissed that appeal as duplicative.

8. Was [Santiago-Leon] additionally prejudiced by "not" having been provided a competent/certified interpreter, present at every Counsel meeting or every hearing?

9. Whether [Santiago-Leon] was severely prejudiced by Counsel's "Waiver of Preliminary Hearing," and whether Counsel concede[d] [Santiago-Leon]'s guilt over [Santiago-Leon]'s unambiguous objection?

10. Whether [Santiago-Leon]'s P.C.R.A. is barred by time or [his] claim protected under Equitable Tolling; Language Barrier, Counsel Abandonment?

Santiago-Leon's Br. at 5-6 (suggested answers omitted).

Santiago-Leon argues that his trial counsel was ineffective. He claims that trial counsel abandoned him by failing to investigate or prepare a defense. Santiago-Leon argues the Commonwealth never proved a *prima facie* case against him, but "solely presented witnesses and/or affidavits of uncredible witnesses [who] fabricated distinctive stories" and "simply proved that [Santiago-Leon] was present at the place [and] time the victim was murdered[.]" Santiago-Leon's Br. at 9, 12. Santiago-Leon further argues some of the Commonwealth's evidence should have been suppressed, including the results of a suggestive photo array.

Santiago-Leon next argues that he does not speak English, and his trial counsel failed to communicate with him in Spanish, which constituted further abandonment. He states that although trial counsel visited him with a Spanish-speaker, the person was "not [always] present, and was not proficient, or clearly understandable in [Santiago-Leon]'s native tongue." ***Id.*** at 10. He asserts that the "Prison's visitor's log will demonstrate [d]efense [c]ounsel neither arrived [sic] with a Certified Interpreter, and there were very

- 4 -

rare occasions that [c]ounsel visited [him]." *Id.* at 11. Santiago-Leon alleges that he only entered a guilty plea because he had "little or no other options, understanding and realizing Counsel would not properly defend [him]." *Id.*

Santiago-Leon further claims that his PCRA petition should be deemed timely under a theory of equitable tolling. He argues equitable tolling should apply because he was unable to communicate with his trial counsel in Spanish. He cites **Pabon v. Superintendent S.C.I. Mahanoy**, 654 F.3d 385 (3d Cir. 2011), in which he claims a petitioner successfully invoked equitable tolling on the grounds that he did not have access to legal materials translated into Spanish and was not given the assistance of a translator. *Id.* at 10. He also maintains attorney abandonment is a basis for equitable tolling, citing **Christeson v. Roper**, 574 U.S. 373 (2015), **Maples v. Thomas**, 565 U.S. 266 (2012), and **Holland v. Florida**, 560 U.S. 631 (2010). *Id.* at 11. Finally, Santiago-Leon argues his assertion of actual innocence should qualify his petition as timely. *Id.* at 11-12 (citing **Rivas v. Fischer**, 687 F.3d 514, 541 (2d Cir. 2012)).

In connection with the above, Santiago-Leon argues his PCRA counsel was ineffective for failing to advance his claims that trial counsel was ineffective and that his petition was timely. He contends he could have proven his trial counsel had abandoned him, through examination of counsel at an evidentiary hearing. He further argues that PCRA counsel was ineffective for failing respect his right to self-representation on his PCRA petition; Santiago-Leon alleges the court appointed PCRA counsel "even after specific notice that

[he] would be invoking [his] Right to self-representation. All of which was ignored by the P.C.R.A. Court and P.C.R.A. Counsel." *Id.* at 7.

We will affirm the denial of a PCRA petition if "the PCRA court's order is supported by the record and free of legal error." ***Commonwealth v. Anderson***, 234 A.3d 735, 737 (Pa.Super. 2020) (citation omitted).

We begin with Santiago-Leon's arguments related to the timeliness of his petition, as a PCRA court lacks jurisdiction to grant relief that is requested in an untimely petition. *Id.* The timeliness of a PCRA petition is controlled by statute. *See* 42 Pa.C.S.A. § 9545. A petitioner seeking PCRA relief has one year from the date the judgment of sentence becomes final in which to petition the court, unless the petitioner pleads and proves a statutory exception. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, or when the time to seek direct review has expired. *Id.* at § 9545(b)(3).

Santiago-Leon did not file a direct appeal. Therefore, his judgment of sentence became final thirty days after his September 13, 2017, sentencing, when the period to file a direct appeal expired. *See* Pa.R.A.P. 903(a). He accordingly had until October 13, 2018, to file a PCRA petition. His 2021 petition is therefore untimely, unless he can plead and prove one of three statutory exceptions applies. Those exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Santiago-Leon does not assert that any of these exceptions applies. He instead claims his petition was timely under a theory of equitable tolling. However, the only exceptions to the PCRA's one-year deadline are the three statutory exceptions. There is no equitable tolling. **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999); **accord Commonwealth v. Davis**, 816 A.2d 1129, 1135 (Pa.Super. 2003). The federal cases Santiago-Leon cites do not hold to the contrary, as each involves tolling within the context of federal *habeas corpus* relief.[5] They do not purport to construe the PCRA. As the PCRA

---

[5] Four of the cases—**Pabon**, **Christeson**, **Holland**, and **Rivas**—involve the application of equitable tolling following the petitioner's failure to meet the deadline to file a federal *habeas* petition. In **Pabon**, the Third Circuit held that the deadline for filing a federal *habeas* petition may be tolled under extraordinary circumstances, such as the prisoner's inability to understand English and lack of access to translation services or legal assistance. **Pabon**, 654 F.3d at 401. In **Christeson** and **Holland**, the United States Supreme Court held that an attorney's abandonment may constitute extraordinary circumstances to justify the equitable tolling of the deadline for filing a federal *habeas* petition. **Christeson**, 574 U.S. at 381; **Holland**, 560 U.S. at 649, 653-54. In **Rivas**, the Second Circuit held the deadline for filing a federal *habeas* petition may be tolled by a claim of actual innocence based on new evidence. **Rivas**, 687 F.3d at 543.

In the fifth case—**Maples**—the Supreme Court held that the federal district court could entertain a *habeas* petition, even where the petitioner had

*(Footnote Continued Next Page)*

court observed, decisions interpreting federal *habeas* rules are "irrelevant to [the] construction of the timeliness provisions set forth in the PCRA." Trial Ct. Op. at 7 (quoting **Commonwealth v. Brown**, 143 A.3d 418, 420-21 (Pa.Super. 2016)) (alteration in original).

Santiago-Leon has failed to advance any theory under which the PCRA court could have found his petition timely. Furthermore, although he argues the deadline should be subject to equitable tolling on the basis that he could not communicate with trial counsel in English and was constructively abandoned by trial counsel, Santiago-Leon does not explain how these factors caused him to miss the PCRA filing deadline. And, although he asserts he is innocent, he does not claim to have made any recent discoveries that would provide a basis for a timeliness exception. We therefore conclude the PCRA court did not err in dismissing his petition as untimely and for want of jurisdiction.

Accordingly, we also conclude Santiago-Leon's PCRA counsel was not ineffective for moving to withdraw rather than advancing Santiago-Leon's meritless timeliness arguments. **See Commonwealth v. Ligon**, 206 A.3d 515, 519 (Pa.Super. 2019) (stating petitioner alleging ineffective assistance of counsel must plead and prove the underlying claim has arguable merit).

---

failed to file a timely notice of appeal in state court, if the petitioner can demonstrate his failure to meet the state's deadline was due to abandonment by counsel. 565 U.S. at 289. Although this case involves the failure to meet a deadline imposed by the state, it is nonetheless an application of federal *habeas* law.

Finally, we conclude Santiago-Leon waived his claim that he was deprived of his right to proceed without counsel. He did not list the issue in his Statement of Matters Complained of on Appeal, and, consequently, the PCRA court takes no notice of it in its Rule 1925(a) Opinion. Moreover, he failed to object when the court appointed counsel, thus effectively acquiescing to the putative error, and did not raise the issue in response to the court's Rule 907 notice. He thus waived this claim for review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2022