J-S37037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOEL GLASTON MUIR | : | |
| | : | |
| Appellant | : | No. 1389 EDA 2023 |

Appeal from the PCRA Order Entered May 5, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001707-2004

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED NOVEMBER 15, 2024**

Joel Glaston Muir ("Muir") appeals from the order denying as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  In addition, Muir's court-appointed appellate counsel ("Appellate Counsel") has filed a motion to withdraw as counsel and an "***Anders***" brief.[2]  Because we conclude Appellate Counsel fulfilled the procedural requirements of ***Turner/Finley***, and the petition is untimely, we affirm the court's order and grant Appellate Counsel's motion to withdraw.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] A ***Turner/Finley*** "no-merit" letter is the correct filing when counsel wishes to withdraw from representing a PCRA petitioner.  Here, Appellate Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  Since an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief instead of a ***Turner/Finley*** letter.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

We take the underlying facts and procedural history in this matter from our decision affirming the dismissal of Muir's 2017 PCRA petition.

[Muir] was found guilty of multiple counts, including first degree murder, following a jury trial [in August 2004], for crimes committed in the early morning hours of August 3, 2001. Rian Wallace ["Mr. Wallace"] was approached by four men, including [Muir], following a basketball game where [Muir] and [three] other individuals engaged in a "gang ritual dance" designed to intimidate Mr. Wallace. [Muir] and his co-conspirators identified themselves as members of the Crip Gang. Two men, Michael Ziegler ["Mr. Ziegler"] and Brandon Germany ["Mr. Germany"], came to the aid of Mr. Wallace. Mr. Wallace left the parking lot where this incident occurred, and thirty minutes later Mr. Ziegler, Mr. Germany, and [two] other individuals left in a gold Ford Taurus. Mr. Germany testified that Mr. Ziegler dropped off the other [two] individuals before [the two men went] to an after party. Mr. Germany and Mr. Ziegler stayed at the after party for a short time, and then drove to Janae Nixon's house ["Ms. Nixon"]. [Muir] and three other individuals were also in a car in that area. Mr. Germany exited the car, and Mr. Ziegler remained in the Taurus. Almost immediately after Mr. Germany exited, the car containing [Muir] and three other individuals sped away before returning with Nick Roberts ["Mr. Roberts"] in the driver's seat and [Muir] in the back seat. As the car containing [Muir] approached, Ms. Nixon, her friend[,] Ms. [Sheena] Beasley ["Ms. Beasley"], and Mr. Germany entered Mr. Ziegler's car before driving away. They were followed by [Muir] and his co-conspirator, Mr. Roberts. Mr. Roberts pulled alongside the Taurus, and [Muir] began shooting at the occupants of the vehicle. One bullet struck Mr. Ziegler in the head, killing him. [Muir] was identified as the shooter by several individuals[,] including Hilton Johnson, [Ms.] Beasley, and [Ms.] Nixon. Following the shooting, [Muir] disappeared, eventually being located in New York City two years later. After being found guilty, [Muir] was sentenced to life imprisonment without the possibility of parole [in December 2004], plus a consecutive term of 7–14 years for each aggravated assault conviction against the three victims: [Mr.] Germany, [Ms.] Beasley, and [Ms.] Nixon.

[Muir] filed a direct appeal[,] and the Superior Court affirmed [in August] 2006. Thereafter, following a number of procedural turns, [the PCRA court] reinstated [Muir's appellate rights], and [Muir] filed a petition for allowance of appeal to the

- 2 -

Pennsylvania Supreme Court which was denied [in] 2012. [Later in 2012], [Muir] filed a PCRA petition. Appointed counsel filed an amended petition, a second amended petition, and then a third amended petition. Following a hearing, [Muir's] PCRA petition was denied [in May] 2014. Counsel withdrew following a [no-merit] letter, and [Muir] filed a *pro se* appeal [in June] 2014. [In October] 2015, the Superior Court affirmed the [PCRA] court's dismissal of [Muir's] PCRA petition. [In January] 2017, [Muir] filed a second PCRA petition alleging newly discovered evidence. [The PCRA court] appointed counsel to review the merits of [Muir's] second petition, and counsel subsequently filed a no-merit letter. [The PCRA court dismissed the petition in August 2017].

*Commonwealth v. Muir*, 2018 WL 2173524 (Pa. Super. May 11, 2018) (unpublished memorandum, at *1) (citation omitted, paragraph indentation altered). This Court affirmed the dismissal of Muir's PCRA petition. *See id.* The Pennsylvania Supreme Court subsequently denied leave to appeal. *See Commonwealth v. Muir*, 200 A.3d 6 (Pa. 2019).

In August 2021, Muir filed this *pro se* PCRA petition, his third, claiming trial counsel was ineffective for failing to interview or investigate a potential defense witness, Larry Phillips ("Phillips"), and for failing to call Phillips as a witness at trial. *See* PCRA Petition, 8/19/21, at 14-19 (unnumbered). Muir alleged that Phillips, a resident of the neighborhood where the murder occurred, gave a statement to the police, which was produced to counsel *prior to trial*. *See id*. at 17-18. In his pre-trial statement, Phillips claimed he arrived on the scene soon after the murder and saw an unknown man with a gun walk toward the car where Mr. Ziegler lay dying. *See id*. Phillips speculated the man might associated with Mr. Ziegler. *See id*. The *pro se*

- 3 -

petition did not address the timeliness of Muir's serial PCRA petition. *See id*. at 1-19 (unnumbered).

The PCRA court appointed counsel ("PCRA Counsel") who filed an amended PCRA petition, which incorporated the *pro se* petition and did not address the timeliness of Muir's PCRA petition. *See* Amended PCRA Petition, 4/18/22, at 1-5. Instead, for the first time, Muir asserted as after-discovered evidence Phillips's statement, and an affidavit Phillips completed on Muir's behalf. *See id*. at 2-4.

The PCRA court held a hearing solely to address Muir's ability to establish an exception to the statutory time bar. At the hearing, PCRA counsel conceded Muir knew of Phillips' existence and statement to the police ***prior to trial*** but was previously unaware that trial counsel had not contacted Phillips. *See* N.T., 5/3/23, at 14-15. Following the hearing, the PCRA court dismissed the petition as untimely. This appeal followed.[3]

In December 2023, Muir filed an application with this Court claiming PCRA Counsel had abandoned him for appellate purposes and seeking appointment of new counsel. This Court granted Muir's application and remanded the matter to the PCRA court for the appointment of new counsel. The court appointed Appellate Counsel who subsequently filed a motion to withdraw in this Court, attaching an ***Anders*** brief, and the requisite notice to

---

[3] Muir and the PCRA court complied with Pa.R.A.P. 1925.

Muir that he had the right to proceed *pro se* or retain private counsel. Muir filed a *pro se* response. We first determine whether Appellate Counsel has satisfied the requirements to be permitted to withdraw from representation.

Pursuant to **Turner**/**Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that independent review requires proof of:

> 1. A "no merit" letter by [ ] counsel detailing the nature and extent of his review;
>
> 2. The "no merit" letter by [ ] counsel listing each issue the petitioner wished to have reviewed;
>
> 3. [C]ounsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;
>
> 4. The [ ] court conducting its own independent review of the record; and
>
> 5. The [ ] court agreeing with counsel that the petition was meritless.

**Id.** (citation and some brackets omitted).

> Additionally:
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take

appropriate steps, such as directing counsel to file a proper ***Turner***/***Finley*** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner***/***Finley***, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Here, Appellate Counsel filed a brief and motion to withdraw which stated the nature and extent of her thorough review of the case; listed the issue for which Muir seeks review, explained why and how Muir's claim lacks merit, and requested permission to withdraw. ***See Anders*** Brief; Petition to Withdraw as Counsel, 5/14/24, at 1-5 (unnumbered). Appellate Counsel also sent Muir a copy of the "no-merit" letter, a copy of the motion to withdraw, and a statement advising Muir of his right to proceed *pro se* or with privately retained counsel. **See** Petition to Withdraw as Counsel, 5/14/24, Letter Dated 5/15/24. Thus, the record reflects Appellate Counsel submitted a motion to withdraw and a brief that satisfies the technical demands of ***Turner***/***Finley***. Accordingly, we grant Appellate Counsel's petition to withdraw and turn to Muir's claims to ascertain whether he is entitled to relief.

In the ***Anders*** Brief, Appellate Counsel raises a single issue for our review:

Is the record devoid of any issue having arguable merit and is [Muir's] appeal wholly frivolous?

- 6 -

*Anders* Brief at 3 (capitalization regularized).

In his *pro se* response Muir raises four issues for our review:

I.      Whether [Appellate Counsel] is incorrect in her conclusion that [Muir's] PCRA petition is wholly frivolous and does [Muir's] appeal of [the] PCRA court's denial of [his] PCRA petition raises issues of arguable merit?

II.     Whether [Appellate Counsel] is incorrect in her conclusion that the PCRA court was correct in dismissing [Muir's] petition without an evidentiary hearing?

III.    Whether [Appellate Counsel] is incorrect in her conclusion that prior PCRA counsel [] was not ineffective for failing to properly preserve [Muir's] after-discover[ed] claim by not invoking any of the enumerated exceptions under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), needed to excuse the untimeliness of the instant petition?

IV.     Whether [Appellate Counsel] is incorrect in her conclusion that other barriers bar [Muir] from relief?

Muir's Response to *Anders* Brief at 2 (capitalization and citation format regularized, bolding and italics omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotation marks omitted). The PCRA petitioner "has the burden to

- 7 -

persuade this Court that the PCRA court erred and that such error requires relief." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." ***Id***. at 145 (internal citation omitted).

We must initially determine whether the PCRA court had jurisdiction to adjudicate Muir's petition. Under the PCRA, "any petition . . . including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).[4] The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may only consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

Muir's judgment of sentence became final on June 27, 2012, when the ninety-day period for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, Muir had until June 27,

---

[4] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

2013, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Muir's third PCRA petition, filed in August 2022, is facially untimely.

However, Muir contends on appeal his claim falls within the newly-discovered fact exception to the PCRA's timeliness requirements. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii);[5] **see also** Muir's Brief at 6-9. The Pennsylvania Supreme Court has repeatedly stated the appellant bears the burden to plead and prove one of the above-enumerated exceptions applies. **See, e.g.**, **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

This Court has previously explained the interplay between the newly-discovered facts exception to the PCRA's timeliness requirements and a substantive claim of after-discovered evidence as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered

---

[5] This exception applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under [the] PCRA, [a] petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from, *inter alia*, unavailability at time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176–177 (Pa. Super. 2015) (footnote, some internal citations, and quotation marks omitted, emphases in original).

As noted above, Muir conceded he was aware of Phillips and the gist of his statement to the police **prior to trial**. *See* N.T., 5/3/23, at 14-16. However, he contends he could not have discovered trial counsel never interviewed Phillips until 2020, when a private investigator Muir hired in 2016 located Phillips, interviewed him, and, in August 2020, secured Phillips's affidavit. Muir then waited almost one year to file the instant PCRA petition.

- 10 -

*See Pro Se* PCRA Petition, 8/13/21, at 15-16 (unnumbered). Muir alleges he could not have discovered this evidence any earlier with the exercise of due diligence. *See id*.

The PCRA court determined Muir had failed to plead and prove a timeliness exception, noting Muir did not address the timeliness issue in either the *pro se* or counseled PCRA petitions, and argued timeliness for the first time at the May 2023 hearing. *See* PCRA Court Opinion, 6/30/23, at 5. In any event, the PCRA court concluded Muir had not acted with due diligence. *See id*. at 5-6.

Our review of the record demonstrates the existence of Phillips and the contents of his statement were known *prior to trial*. Further, the record demonstrates Muir was *personally* aware of Phillips and the contents of his statement at the very latest by the time he filed his *pro se* appellate brief concerning the denial of his 2012 PCRA petition. In that appeal, Muir claimed trial counsel was ineffective for not investigating Phillips as a witness and discussed the contents of Phillips's statement to police.[6] *See Commonwealth v. Muir*, 2015 WL 6507982 (Pa. Super. 2015) (unpublished memorandum at **6-7). Thus, Muir has not shown that Phillips, his

---

[6] This Court found Muir had waived the claim as there was no indication he had raised it in his PCRA petition. *See id*.

statement, or counsel's alleged failure to investigate Phillips[7] is a new fact. Our Supreme Court has held that the focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004) (emphasis omitted). Thus, because the information about Phillips is a previously known fact, we affirm the PCRA court's decision, although on different grounds than the court relied upon. *See Commonwealth v. Elliott*, 249 A.3d 1190, 1193 n. 3 (Pa. Super. 2021) ("It is well-settled that this Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis.") (citations and internal quotation marks omitted).[8]

_____

[7] This Court has long held an appellant does not present an exception to the time-bar by claiming ineffective assistance of counsel. *See, e.g.*, *Commonwealth v. Davis*, 816 A.2d 1129, 1135 (Pa. Super. 2003) (stating that "attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.") (citations omitted).

[8] In his *pro se* response, Muir contends Appellate Counsel is "incorrect" in concluding PCRA Counsel was not ineffective for failing to invoke the newly discovered facts exception to the PCRA's timeliness requirements in the amended PCRA petition. *See* Muir's Brief at 19-24. In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id*. at 401.

This is not Muir's first PCRA petition but rather an untimely third PCRA petition. We agree PCRA Counsel did not invoke a timeliness exception. The PCRA court nonetheless held a hearing on the timeliness issue and explained in its decision why the PCRA petition was untimely and the newly discovered facts exception did not apply. *See* PCRA Court Opinion, 6/30/23, at 5-6. *(Footnote Continued Next Page)*

Even if we were to agree Muir asserted a newly discovered fact with the exercise of due diligence, he would not be entitled to relief. The law is well-settled:

> The four-prong test for awarding a new trial because of after-discovered evidence is well settled. The evidence: (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict.

***Commonwealth v. Castro***, 93 A.3d 818, 821 n.7 (Pa. 2014) (citation omitted). In determining "whether the alleged after-discovered evidence is of such nature and character that it would likely compel a different verdict if a new trial is granted . . . . a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." ***Commonwealth***

_____

Moreover, in the **Anders** Brief, Appellate Counsel engaged in a thorough discussion of why she believed no exceptions applied and why Muir was not prejudiced by PCRA counsel's failure to invoke the newly discovered facts exception. **See Anders** Brief at 25-29, 30-32. As discussed above, this Court independently concluded both that the newly discovered facts exception was inapplicable and, even if it were applicable, Phillips's affidavit did not constitute after-discovered evidence. Accordingly, Muir has not shown arguable merit to his claim that PCRA Counsel was ineffective, and we decline to remand this matter for further development of the record under **Bradley**. **See Commonwealth v. Robinson**, 320 A.3d 732, 738-39 (Pa. Super. 2024) (declining to remand pursuant to **Bradley** where it was not the appellant's first PCRA petition, appellant did not raise a **Bradley** claim until after appellate counsel filed a rule-compliant brief, and where a review of the record failed to show any merit to the ineffectiveness claim).

- 13 -

*v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010). Also, "the proposed new evidence must be producible and admissible." ***Castro***, 93 A.3d at 825 (internal citations and quotation marks omitted). It is the petitioner's burden to prove by a preponderance of the evidence that he met each of the factors necessary for a new trial. ***Commonwealth v. Rivera***, 939 A.2d 355, 359 (Pa. Super. 2007).

Here, the "new" evidence was discovered prior to trial. Moreover, it would not likely have resulted in a different verdict. At trial, counsel presented a defense of mistaken identity; Muir contends counsel should have asserted either self-defense or imperfect self-defense based upon Muir's statement that Mr. Germany had a gun and pointed it out the car window at him, an argument Muir has previously advanced. ***See Commonwealth v. Muir***, 2015 WL 6507982, at **3-7; ***see also*** *Pro Se* PCRA Petition, 8/13/21, at 15-16; N.T., 5/3/23, at 11, 14-15. Aside from the fact that Muir has previously asserted this claim, it would fail independently. Multiple eyewitnesses testified at trial that Muir was the shooter, and Mr. Germany did not have a gun. ***See Muir***, ***supra***, at *5; ***see also Commonwealth v. Muir***, 2018 WL 2173524, at *1. Further, Phillips ***did not witness the murder*** and nothing in his statement contradicts the testimony of the eyewitnesses. ***See*** Phillips's Affidavit, 8/20/20, at 1-2 (stating Phillips arrived on the scene after the murder and saw "a person on the sidewalk with a gun walking toward the car [where Mr. Ziegler was]"). Phillips's assertion he "thought maybe [the man with the gun]

was with the guy who was shot," *id*. at 2, does not aid either a claim of self-defense or imperfect self-defense.  At most, Phillips saw a person with a gun walking toward the scene of a shooting.  His "belief" that the person might be connected to the victim is entirely speculative.  Thus, his affidavit is not likely outcome determinative and does not qualify as after-discovered evidence. *See Castro*, 93 A.3d at n.7.

Accordingly, we affirm the denial of Muir's serial PCRA petition and grant counsel's motion to withdraw.

Order affirmed.  Motion to withdraw granted.

Judge Murray joins this decision.

Judge Bowes concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/15/2024

- 15 -